IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:19CR433 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| CORTEZES DIMING, | ) | SENTENCING MEMORANDUM |
| | ) | |
| Defendant. | ) | |

Now comes the United States of America, by and through its attorneys, Justin E. Herdman, United States Attorney, and Margaret A. Kane, Assistant United States Attorney and hereby files this sentencing memorandum. The Government agrees with the calculations contained in the Presentence Investigation Report filed on December 23rd, 2019, and asks that the Court find that the firearm that the defendant possessed had an obliterated serial number and qualifies for a four point enhancement to the base offense level pursuant to U.S.S.G. §2K2.1(b)(4)(B).

I. **OFFENSE CONDUCT AND GUIDELINE CALCULATION**

    a. **Offense Conduct**

On March 13, 2019, an Ohio State Highway Patrol Trooper observed a Honda CR-V make an improper turn at the intersection of Denison Avenue and Avenue in Cleveland, Ohio. (R. 16: Sealed Presentence Investigation Report, PageID 99-100). The trooper detected the odor of raw marijuana coming from the vehicle when speaking with the driver and asked all three occupants to exit the vehicle. All three occupants were advised of their Miranda warnings. (Id.).

The defendant, Cortezes Diming, was seated in the front passenger seat of the vehicle. Troopers recovered a loaded firearm underneath the passenger seat. (Id.). The RG revolver handgun was loaded with six rounds of ammunition and troopers noted that the serial number had been defaced. Only the first few digits, "T5809" could be read. (Id., PageID 100). Diming stated that he had the firearm for protection. (Id.).

**b.** **Guideline Calculation**

Diming was indicted on July 17, 2019, in a one-count Indictment, charging him with being a Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (R. 1: Indictment, PageID 1). Diming plead guilty to the Indictment on October 3, 2019, with a Rule 11(c)(1)(B) plea agreement. (R. 16: PSR, PageID 99). Pursuant to the plea agreement, the parties agreed to a base offense level of 14, but the Government reserved the right to argue that the firearm had an altered or obliterated serial number to justify a four point enhancement resulting in a base offense level of 18. (Id). The parties were also free to make any sentencing recommendations. (Id.).

The Presentence Investigation Report lists the base offense level as 14. (Id., PageID 101). The probation department recommended a four point enhancement pursuant to U.S.S.G. §2K2.1(b)(4)(B) because the firearm possessed by the defendant had an obliterated serial number. (Id.). Diming objects to this four point enhancement and claims that this specific offense characteristic is not applicable. The Presentence Investigation Report states that Diming's criminal convictions results in five criminal history points, making him a criminal history category III. (Id., PageID 106). Should the Court apply the requested four point enhancement, Diming's base offense level would be 18; 15 after acceptance of responsibility. (Id., PageID 111). This would result in a guideline imprisonment range of 24-30 months. (Id.).

The Guidelines do not define what constitutes an "altered or obliterated serial number." *See United States v. Love*, 364 F. App'x at 959–60 (6th Cir. 2010); *United States v. Carter*, 421 F.3d 909, 911 (9th Cir. 2005). In *Love*, the Sixth Circuit relied on *Carter*, 421 F.3d at 916, which held that a serial number is "altered or obliterated" when it is "materially changed in a way that makes accurate information less accessible." *See Love*, 364 F. App'x at 959–60 (discussing *Carter*). In *Love*, the Sixth Circuit held that the district court did not "clearly err" when it concluded that the firearm in question had an altered or obliterated serial number when "two of the serial numbers were markedly more difficult to ascertain," and "the numbers were not immediately distinguishable to the investigators." *Id.* at 960. A recent Sixth Circuit case held that a serial number was partially obliterated when at least some of the digits of the serial number were altered or obliterated, even if some of the digits were visible and law enforcement was eventually able to recover the serial number and trace the firearm. *United States v. Fuller-Ragland,* 931 F.3d 456 (6th Cir. 2019). An adjustment under §2K2.1(b)(4)(B) was properly applied even when the serial number was partially obliterated to make information less accessible. *Id.*

Analyzing the application of the enhancement when the gun in question had its serial number printed in two separate locations, the Eleventh Circuit has held that the enhancement applies "either when *any* serial number on a gun has been altered or obliterated or when *just one* serial number has been altered or obliterated." *United States v. Warren*, 820 F.3d 406, 408 (11th Cir. 2016) (per curiam) (emphasis in original); *see also United States v. Adams*, 305 F.3d 30, 34 (1st Cir. 2002) (holding that "any change that makes the serial number appreciably more difficult to discern" is sufficient for conviction under 18 U.S.C. § 922(k), which criminalizes possession of a firearm with a serial number that has been "removed, obliterated, or altered"); *United States*

3

*v. Mixon*, 166 F.3d 1216, 1998 WL 739897, at *3 (6th Cir. 1998) (table) (affirming conviction under 18 U.S.C. § 922(k) because "a portion of the serial number had been obliterated" and "a reasonable fact-finder could conclude that the serial number had been altered or obliterated").

The probation department was correct in its application of USSG §2K2.1(b)(4)(B). Troopers present on scene for Diming's arrest noted that the serial number on the bottom of the firearm had been defaced, and only the first few digits could be read. According to ATF Special Agent Keith Lewis the serial number listed in the indictment, T5809, is not the complete serial number of the firearm. This was the only portion that the ATF was able to read. According to an interstate nexus expert with the ATF, based on research completed with the firearm manufacturer, two digits are missing. The Agent concluded that two digits of the serial number were removed. This is sufficient evidence to prove that the serial number of the firearm possessed by Diming had been removed, obliterated, or altered to justify a four point enhancement pursuant to USSG §2K2.1(b)(4)(B).

### SENTENCING FACTORS 18 U.S.C. § 3553(a)

Upon properly calculating the advisory guideline range, this Court is required to follow 18 U.S.C. § 3553(a), which states:

> This Court is required to consider the following factors in determining the sentence.
>
> (a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--

      (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

      (B) to afford adequate deterrence to criminal conduct;

      (C) to protect the public from further crimes of the defendant; and

      (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

   (3) the kinds of sentences available;

   (4) the kinds of sentence and the sentencing range established for--

   (5) any pertinent policy statement--

   (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

   (7) the need to provide restitution to any victims of the offense.

<u>18 U.S.C. § 3553(a).</u>

      The nature and circumstances of the offense show that Diming was in possession of a loaded firearm despite his three prior convictions that prohibit him federally. Additionally, the firearm had an altered or obliterated serial number which prevented ATF from recovering the full serial number to properly trace the firearm.

      Under history and characteristics of the defendant, the Government asks that the Court consider that Diming's criminal history is replete with drug offenses and violence. Diming has four drug abuse convictions that did not count towards his criminal history score because they were out of the required time frame. Diming also a Felonious Assault conviction from 1999 (CR-99-373062) where he was on parole supervision until February 11, 2004. This offense only became too old to count towards the defendant's criminal history in February of 2019. (R. 16: PSR, PageID 104). This case, along with Diming's Domestic Violence convictions in 2004 and 2013, involve him repeatedly assaulting the same female. (<u>Id</u>, PageID 104-106). Two of these

instances occurred in the presence of the couples' children.  Diming has yet another Attempted Felonious Assault Conviction from 2008 where he served two years in prison.  (Id., PageID 105).  Lastly, Diming was convicted of Failure to Comply with the Order or Signal of a Police Officer on November 12, 2019.  (Id., PageID 106).  This offense occurred on January 22, 2019, approximately six weeks before the instant case.

      For the above mentioned reasons, the Government respectfully asks that this Court find that the serial number on the firearm possessed by Diming had been removed, obliterated, or altered to justify a four point enhancement pursuant to USSG §2K2.1(b)(4)(B) and impose a sentence within the sentencing guideline range based on the factors provided in 18 USC § 3553(a).

                                                Respectfully submitted,

                                                JUSTIN E. HERDMAN
                                                United States Attorney

By:   /s/ Margaret A. Kane
        Margaret A. Kane (OH: 0082084)
        Assistant United States Attorney
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        (216) 622-3624
        (216) 522-8354 (facsimile)
        Margaret.Kane@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of December, 2019, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ Margaret A. Kane
Margaret A. Kane
Assistant U.S. Attorney